# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re | : | Chapter 13 |
| | : | |
| DELORES E. ROSS, | : | Bankruptcy No. 04-33649DWS |
| | : | |
| Debtor. | : | |
| | : | |
| DELORES E. ROSS, | : | Adversary No. 04-1024 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| CITIFINANCIAL MORTGAGE CO., INC., | : | |
| | : | |
| Defendant. | : | |

# ORDER

**AND NOW**, this 22nd day of February 2006, upon consideration of the Motion of Debtor/Plaintiff Dolores E. Ross ("Debtor") to Alter or Amend this Court's Order of February 15, 2005 entering judgment in favor of Defendant Citfinancial Mortgage Co., Inc (the "Reconsideration Motion");

**And** such a motion being governed by Federal Rule of Civil Procedure ("Fed.R.Civ.P.") 59(e), applicable here pursuant to Fed. R. Bank. P. 9023. "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 908 (3d Cir.

1985). "Federal district courts should grant such motions sparingly because of their strong interest in finality of judgment." Seleras v. M/V Cartagena de Indias, 959 F. Supp. 270 (E.D. Pa. 1997) (*quoting* Continental Cas. Co. v. Diversified Indus., Inc., 884 F.Supp. 937, 943 (E.D. Pa. 1995);

**And** the Court rejecting Debtor's assertion that Trial Exhibit D-7 evidences a refinancing of Debtor's original loan on or about May 18, 1998;[1]

**And** the Court rejecting the Debtor's argument that she testified to not receiving disclosures which she was required to receive;[2]

---

[1] Contrary to Debtor's suggestion, the Court did not overlook this Citimort statement dated May 21, 2003, as the Court's citation to it on page four of the Memorandum Opinion demonstrates. The Court cannot view documentary evidence through the rosy tint of an adversarial viewpoint and leap to unsubstantiated conclusions. As an objective weigher of the evidence, the Court did not find this document, without any testimony, sufficient to evidence that a refinancing occurred. There are items under the statement's heading "original information," such as "first due date of 06/05/98 and a loan term of 324 payments that imply something happened. I said as much my Memorandum Opinion, but I also noted that the "what" and "when" were unclear on the record put forth by Debtor. Exhibit D-7 is equally open to an interpretation that the "original information" refers to a modification that was less than a refinancing, such as curing a delinquency by modifying the terms of the loan to add a portion of the past due amount to the current unpaid principal balance. See www.citimort.com (describing, *inter alia*, the "hardship assistance" option of loan modification). Such a modification clearly does not meet the definition of refinancing because it fails to completely extinguish and replace the original Loan. 12 C.F.R. § 226.20(a).

Testimony from a Citmort representative would have been immensely helpful in clarifying Exhibit D-7 or even more basic facts such as how Citmort came to be associated with the Loan and in what capacity. However, Debtor's counsel made the strategic choice of failing to depose or call any Citimort representative as a trial witness to explain Citimort's role in the Debtor's Loan.

[2] I carefully reviewed the recording of the hearing and Debtor was never questioned as to whether she received disclosures with respect to the original Loan or the alleged modification. Debtor has not produced a transcript to refute this finding.

Moreover, as I noted in the Memorandum Opinion, Debtor's "recollection of the relevant events and transactions at issue was poor to nonexistent. Indeed, her demeanor and responses led the Court to doubt whether she fully understood many of the questions that were asked of

It is hereby **ORDERED** that the Reconsideration Motion is **DENIED.**

                                              DIANE WEISS SIGMUND
                                              Chief U.S. Bankruptcy Judge

Copies to:

David A. Scholl, Esquire
Regional Bankruptcy Center of SE PA
Law Office of David A. Scholl
6 St. Albans Avenue
Newtown Square, PA  19073

Leslie E. Puida
Mellon Independence Center
701 Market Street, Suite 5000
Philadelphia, PA  19106-1532

William C. Miller, Esquire
Standing Chapter 13 Trustee
P. O.  Box 40119
Philadelphia, PA  19106-0119

Dave P. Adams, Esquire
Office of the U.S. Trustee
833 Chestnut Street, Suite 500
Philadelphia, PA 19107

---

her." Slip op. at 2. In short, she was not a credible witness. Compare in re Pinder, 83 B.R. 905, 913-14 (Bankr. E.D. Pa. 1988) (Scholl, J.) ("The Debtor's testimony in the present case, while appearing uncertain regarding the nature of the TILA disclosure, was believable and not so vague as to be discounted.")

       Finally, I have no quarrel with Debtor's argument that "the much more knowledgeable creditor must be charged with the burden of producing a disclosure statement, if asked to do so prior to trial. And, if it is unable to do so, and the consumer presents some evidence supporting a contention that one was never received, we must assume that none exists." In re Herbert, 86 B.R. 433, (Bankr. E.D. Pa. 1988)(Scholl, J.) (Emphasis added).  Here Debtor presented no evidence supporting her contention.